IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SYLVIA ROSE,

    Plaintiff,

v.                                                 No. 2:20-cv-02205-MSN-cgc

TARGET STORES, a division of          JURY TRIAL DEMAND
TARGET CORPORATION,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY ALLEGATIONS OF SPOLIATION OF DOCUMENTS RELATED TO PRIOR FALLS**

Before the Court is Defendant Target Stores' Motion and Incorporated Memorandum of Law to Exclude any Allegations of Spoliation of Documents as Related to Prior Falls on Defendant's Premises, filed on March 23, 2022. (ECF No. 67) ("Motion"). Plaintiff filed her Response on March 25, 2022. (ECF No. 68.) For the following reasons, the Motion is **GRANTED**.

**PROCEDURAL HISTORY**

The instant Motion requires the Court to decide whether a discovery dispute over materials allegedly sought and withheld in Interrogatory Number 10 warrants an adverse inference instruction on spoliation. To properly frame this issue, a brief history of the parties' discovery is warranted.[1] Plaintiff served her First Set of Interrogatories and Request for Production of Documents to Defendant on via email and U.S. Mail on February 12, 2021. (ECF No. 18 at PageID

---

[1] This narrow summary has been produced to adjudicate the Motion only and must not be read to exceed the scope of the litigants' arguments respecting the same.

60.)  Defendant provided its responses on March 18, 2021, (ECF No. 67-1), and Plaintiff deposed Defendant's witnesses Barry Grieve and Crystal Townsend (Target employees) on March 24, 2021. (*Id.*)  The interrogatory at issue in the Motion, Interrogatory Number 10,[2] and especially Defendant's response to it, has been reproduced below:

> **INTERROGATORY NO. 10**: State the identity, including name and last known address, of each person who claims to have slipped and fallen, or tripped and fallen, on the Defendant's premises at any time within the five (5) years immediately prior to the occurrence identified in the Plaintiff's Complaint where this accident allegedly occurred. For each such person, state:
>
> > a. Whether any documents exist regarding each such other occurrence, and if so, identify each such document with reasonable particularity, and identify the custodian of same;
> >
> > b. the date of each such other occurrence;
> >
> > c. the location on the premises of each such other occurrence;
> >
> > d. identity of the substance, matter or thing which was slipped on or tripped over.
>
> **ANSWER**: Objection. This interrogatory is overbroad, burdensome, ambiguous, irrelevant, seeks proprietary and/or otherwise confidential and protected information, and seeks information that is not proportional to the needs of the case. Further, the interrogatory is not limited in scope of time and/or subject matter relevant to this case. Subject to and without waiving this objection, Defendant is aware of one other similar occurrence within three years prior to Plaintiff's incident where an individual stated he/she "tripped on sidewalk step" on or about March 19, 2017.

(ECF No. 68 at PageID 1478–79.)  Plaintiff alleges that Defendant knowingly withheld and destroyed a source document, likely something akin to a prior incident report, quoted above in its

---

[2] Plaintiff also argues that Interrogatories Number 11, 5, and 4 make similar requests. Defendant provided the same responses to those interrogatories: "Please see Answer to Interrogatory No. 10." (ECF No. 68 at 1480–81.) For the sake of economy, the Court will focus its analysis on Defendant's Answer to Interrogatory Number 10—really, the crux of this dispute—without reproducing in long form the three other interrogatories that Plaintiff references. Plaintiff's first set of interrogatories, and Defendant's answers to them, may be accessed in the Exhibit attached to the Motion. (ECF No. 67-1.)

answer to Interrogatory Number 10, which warrants an adverse inference jury instruction on spoliation.  (*Id.* at PageID 1480.)  Defendant contends that Plaintiff has failed to satisfy the legal standard required for such an instruction and should have pursued this issue earlier, if at all, with a motion to compel filed before discovery closed.  (ECF No. 67 at PageID 1448, 1452.)

## LEGAL STANDARD

"Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction." *McDaniel v. Transcender, LLC*, 119 F. App'x 774, 782 (6th Cir. 2005).  Courts in this circuit apply federal law to determine whether spoliation sanctions should be issued.  *Adkins v. Wolever*, 554 F.3d 650, 652–53 (6th Cir. 2009).  The Sixth Circuit has adopted the Second Circuit's three-prong test in this regard—the same test cited by both parties in the present litigation:

> [A] a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that  the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. United States Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)); *see, e.g.*, *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014) (applying *Beaven*).  The second *Beaven* prong carries unique importance because "[a]dverse-inference instructions were developed on the premise that a party's **intentional** loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to [that] party," whereas "[i]nformation lost through **negligence** may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have."  *United States v. Woodley*, No. 15-cr-

20007, 2016 WL 1553583, at *5 (E.D. Mich. 2016) (quoting Fed. R. Civ. P. 37(e)(2) 2015 Advisory Comm. Note) (emphasis added).

An adverse inference "is an inference that the party fears producing the evidence; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party." *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013). "Thus, an adverse inference for evidence spoliation is appropriate if the Defendant[] 'knew the evidence was relevant to some issue at trial and . . . [its] conduct resulted in its loss or destruction.'" *Beaven*, 622 F.3d at 553 (quoting *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004); *see Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995). Consequently, the analysis "depends on the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction." *Id.*

To address questions about electronic discovery, federal courts turn to Federal Rule of Civil Procedure 37(e):

> **FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). "Significantly, subsection (e)(1) does not contain an 'intent' requirement . . . . Under subsection (e)(2), however, before certain sanctions are imposed, the court 'must find that the party that caused the loss acted with the intent to deprive another party of the information's use in the litigation.'" *Yoe v. Crescent Sock Co.*, Case No. 1:15-cv-3-SKL, 2017 WL 5479932, at *21 (E.D. Tenn. 2017). "Rule 37(e)(2)'s 'intent standard is stringent and does not parallel other discovery standards.'" *Culhane v. Wal-Mart Supercenter*, 364 F. Supp. 3d 768, 773 (E.D. Mich. 2019) (quoting *Moody v. CSX Transportation, Inc.*, 271 F. Supp. 410, 431 (W.D.N.Y. 2017). "A party seeking sanctions under Rule 37(e)(2) must show that the spoliating party had 'intent' to deprive [the moving party] of the information's use." *Franklin v. Shelby Cnty. Bd. of Educ.*, No. 2:20-cv-02812-JPM-tmp, 2021 WL 5449005, at *29 (W.D. Tenn. 2021) "A showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016) (citing Fed. R. Civ. P. 37(e), 2015 Advisory Comm. Note).

## **DISCUSSION**

The Motion presents two sub-issues that demand targeted analysis: *first*, whether Plaintiff has satisfied her legal burden under the Federal Rules of Civil Procedure and, *second*, whether she satisfied all three *Beaven* prongs to warrant an adverse inference instruction.[3]  (ECF No. 67 at PageID 1450–51.)

### A. Plaintiff's Burden

Defendant argues that Plaintiff has failed to satisfy her burden under the Federal Rules of Civil Procedure and all three *Beaven* prongs. (ECF No. 67 at PageID 1449–50.)  Regarding electronic discovery under Federal Rule of Civil Procedure 37(e), Defendant contends that Plaintiff

---

[3] The parties also discuss the timing of this Motion and spoliation argument that Plaintiff hinted at in the parties' joint pretrial order.  The Court will address the timing issue throughout its analysis, but for a snapshot synopsis, *see infra* note 9.

5

has: (a) failed to show it suffered any prejudice and (b) that the document(s) in question were in fact lost. (*Id.*) Applying *Beaven*, Defendant contends that Plaintiff failed to show: (a) Defendant had (and breached) an obligation to preserve the record(s) at issue; (b) the record(s) were destroyed with, (c), a culpable state of mind; and (d) the relevance of the record(s) sought. (*Id.*) As to Fed. R. Civ. P. 37(e), Plaintiff responds that, while uncertain whether her sought documents constituted electronically stored information,[4] any "[e]vidence of a prior trip or fall goes directly to notice" and indicates Defendant could have reasonably foreseen her unfortunate tumble. (ECF No. 68 at PageID 1484.) The fact that such evidence invokes a "key element of Plaintiff's claims against Defendant" could be, at least according to Plaintiff, enough to satisfy Fed. R. Civ. P. 37(e)(1). (*Id.*) Next, Plaintiff asserts that she "was unable to follow up on" the slip and fall mentioned in Defendant's Answer to Interrogatory Number 10 because "Defendant did not indicate that any documents were being withheld." (*Id.*) Turning to *Beaven*, Plaintiff argues: (a) a party with control over the must have an obligation to preserve it at the time it was destroyed;" (b) Defendant knowingly destroyed the record; and (c) a prior incident report would be relevant to whether Defendant had notice about its allegedly dangerous curb. (*Id.* at PageID 1485–87.)

   1. <u>Rule 37(e) Analysis.</u>

The Court begins with a Rule 37(e) analysis because whether the sought report would be most properly discoverable in either or both its electronic and physical formats remains unclear. Here, while true that Plaintiff does not have a burden to show prejudice under Rule 37(e) as per the 2015 Advisory Committee Notes on the same, she still has not satisfied Rule 37(e)(1).

---

[4] Plaintiff develops her argument that the documents are *likely* electronically stored *and* physically maintained based on Ms. Crystal Townsend's deposition transcript, in which Ms. Townsend stated that incident reports are "done electronically on the computer and then we mail a paper copy in." (ECF No. 68 at PageID 1483.)

Specifically, Plaintiff has failed to show that Defendant "failed to take reasonable steps to preserve" and archive the prior incident report for an event that allegedly occurred several years before this litigation began. Fed. R. Civ. P. 37(e). Indeed, the Sixth Circuit has clearly stated that, "Target's failure to document events that might prove relevant to unforeseen litigation and to retain those records indefinitely does not amount to spoliation." *Applebaum*, 831 F.3d at 745. The prior incident referenced by Defendant in its Answer to Interrogatory Number 10 may also have questionable relevance because it involved someone who "tripped on *sidewalk* step," whereas here Plaintiff tripped over a *curb*—and these locations may be different.[5] Furthermore, Plaintiff has not established that the prior incident report she seeks has been lost. She asks the Court to infer from deposition transcripts for Mr. Barry Grieve and Ms. Townsend that because these employees could not remember or did not know about prior slip and fall cases on Defendant's premises that any incident reports must have been lost. (ECF No. 68 at PageID 1484–85.) Such an inference would require the Court to invent a reason for why (or whether) these employees had a memory lapse and such speculation would be inappropriate. Indeed, perhaps equally compelling is the explanation that fallible people are all too frequently fraught with fickle memories.[6] Either way, the Court lacks sufficient information to confidently make any such factual assumption.[7]

---

[5] Plaintiff seems to blur this distinction in her filing when she paraphrases Defendant's Answer as "someone tripped over the sidewalk/curb." (ECF No. 68 at PageID 1484.) However, Defendant did not in fact write "sidewalk/curb" and this characterization is at the very least misleading and at most spotlights the very distinction it appears to mar.

[6] Both depositions reflect that Mr. Grieve and Ms. Townsend, especially the latter, expressed some reservation about providing inaccurate deposition testimony. (ECF Nos. 68-1, 68-2.) Another consideration could be that the deponents elected not to provide information about a report or incident that they could not recall simply to err on the side of cautious accuracy. The Court can find no reason why it should take their lack of recollection, the *absence* of an assertion, to affirmatively conclude the report in question was in fact lost.

[7] Plaintiff also argues that it did not investigate the prior incident earlier because "Defendant[] did not indicate that any documents were being withheld, and therefore Plaintiff was unable to follow up on that aspect." (ECF No. 68 at PageID 1484.) But Defendant's position is

7

For Plaintiff to prevail under Rule 37(e)(2), the Court *must* find that Defendant intentionally deprived her of the ability to use a prior incident report during litigation. Fed. R. Civ. P. 37(e)(2); *Yoe*, 2017 WL 5479932, at *21. The section of Plaintiff's Response that addresses Fed. R. Civ. P. 37 altogether omits mention of Rule 37(e)(2) and its intent requirement. (*See* ECF No. 68 at PageID 1484.) Consequently, and as will be further explored in the subsequent *Beaven* analysis, Plaintiff has failed to articulate sufficient facts to that suggest Defendant *intentionally* withheld relevant information from her and, absent such facts, Plaintiff cannot prevail under Rule 37(e)(2)'s stringent standard. *See Culhane*, 364 F. Supp. 3d at 773 (quoting *Moody*, 271 F. Supp. at 431) ("Rule 37(e)(2)'s 'intent standard is stringent and does not parallel other discovery standards.'") Therefore, Plaintiff has failed to make her case under Rule 37(e) for an adverse inference instruction on spoliation.[8]

   2. *Beaven* Analysis.

*The first prong* requires Plaintiff to show that Defendant, as the party with control over the evidence, had an obligation to preserve any prior incident report at the time it was allegedly destroyed. Plaintiff argues that Defendant's "answers to the interrogatories. . . did not indicate that a responsive document was being withheld[] but did evidence one had existed . . . which means

---

that it did not withhold *relevant* information. (ECF No. 67 at PageID 1449.) Spoliation sanctions do not attach to parties that fail to produce relevant evidence. *See Ross v. Am. Red Cross*, 567 F. App'x 296, 301–02 (6th Cir 2014) (quoting *Adkins*, 554 F.3d at 652–53) ("Because failures to produce relevant evidence fall along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality, the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault.")

[8] The Court notes Plaintiff's four reasons noted on PageID 1485 about her "diligent investigation." (ECF No. 68 at PageID 1485.) However, accepting these reasons as true and the Court has no reason to doubt them, Plaintiff should have considered filing a motion to compel after she "requested any document and/or incident report relating to previous falls" and as soon as "Target indicated knowledge of at least one prior fall." (*Id.*) However, as will be elucidated later in this Order, the *appropriate time* to address this issue would have been *during discovery* and not in the parties' joint pretrial order just days before trial.

that Plaintiff has no option but to conclude the record has been destroyed . . . ." (ECF No. 68 at PageID 1485–86.)  However, Defendant hotly contests the "responsiveness"—essentially, the relevance—of the document Plaintiff presently seeks because it "[in]disputably would have been created 22 months prior to Plaintiff's incident." (ECF No. 67 at PageID 1486).  Put differently, whereas Plaintiff's premise is that the information sought *is relevant*, Defendant's premise is that the document *is not relevant*.  And a party need not produce information it considers to be irrelevant during discovery, *see Adkins*, 554 F.3d at 652–53 (spoliation sanctions only attach to failures to produce relevant evidence), absent a court order on a motion to compel that affirms the sought information's relevance.  At this juncture however, on the eve of trial, the Court is *wholly unprepared* to make a relevancy determination about information in a document that may or may not exist.

Next, Plaintiff explains she did not file a motion to compel before the close of discovery because Defendant failed to "properly indicate" to her that it intended to withhold a relevant document and therefore deprived her of notice.  (ECF No. 68 at PageID 1486.)  However, had Defendant made this "indication" to Plaintiff, it would undermine its own position by conceding the document's relevancy.  That Defendant's refusal to prompt Plaintiff to file a motion to compel somehow warrants Plaintiff's failure to file the same is plain silly.  Moreover, the Court can comfortably find Plaintiff had sufficient notice about the incident.[9]  Therefore, Plaintiff has failed to make her spoliation case under the first *Beaven* prong.

---

[9] Based on Plaintiff's Response, Plaintiff knew that "Target had possession of the source document" because it "was able to quote from it to answer [I]nterrogatory No. 10 but elected not to produce it." (ECF No. 68 at PageID 1486.)  Why Plaintiff did not file a motion to compel upon this realization, or at least confer with opposing counsel about this "source document", *especially as to an issue supposedly important enough to litigate on the Friday before trial*, is quite perplexing.

*Turning to the second prong*, Plaintiff's one-paragraph argument that Defendant destroyed the evidence with a culpable state of mind lacks merit.[10]  Simply put, Plaintiff has not alleged sufficient facts to warrant a finding that Defendant acted with a culpable mental state when it refused to produce a document that it contends is not relevant.  One alternative, of course, could be that Defendant simply overlooked the document.  However, to find for Plaintiff, the Court must comfortably discern *not just* that Defendant had a "culpable mental state of mind," *Beaven*, 622 F.3d at 553, *but also* that its culpable "conduct *resulted in* [the document's] loss or destruction." *Hodge*, 360 F.3d at 450.  And "[w]here the spoliator has no notice of pending litigation, the destruction of evidence does not point to consciousness of a weak case." *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 797 (6th Cir. 2006).  Here, the Court cannot know what it does not know, specifically whether Defendant: (a) had a culpable mental state that (b) *resulted in* (caused) destruction of evidence once (c) it became aware of pending litigation.  The Court declines to make these three perceived logical leaps and therefore concludes Plaintiff has failed to satisfy the third *Beaven* prong.

*The third prong* brings the Court full circle: back to relevancy.  While mindful that *Beaven* only requires the party seeking a spoliation sanction (or, as here, merely an instruction) to "ma[ke] some showing indicating that the destroyed evidence would have been relevant to the contested issue," *Beaven*, 622 F.3d at 554 (quoting *Kronisch v. United States*, 150 F.3d 112, 127 (2d Cir. 1998), the Court notes that a finding for Plaintiff on this prong would not rescue her spoliation argument because it failed as to prongs one and two.  Moreover, and as discussed earlier, the Court lacks sufficient information to make a relevancy determination on an issue that—candidly—would

---

[10] At this point, the Motion could be granted on the preceding analyses because Plaintiff has failed one of the required *Beaven* prongs.  However, this Court prefers the "belt and suspenders" approach to drafting Orders and will not curb its analysis to sidestep completeness.

10

have been better explored if at all, during discovery. The Court declines to make a relevancy finding.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Therefore, Plaintiff is not entitled to an adverse inference instruction and this matter will proceed to trial today, March 28, 2022 before the undersigned.

**IT IS SO ORDERED** this 28th day of March, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE